FILED
2017 May-16  AM 09:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHACONDA PATTON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **PMTD RESTAURANTS, LLC ,** | ) | **JURY DEMAND** |
| **d/b/a KFC** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I.    INTRODUCTION

1.    Plaintiff Shaconda Patton brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., as Amended by the Civil Rights Act of 1991, 42 USC § 1981, 42 USC § 1981a, and 42 USC § 1988. Plaintiff alleges that Defendant discriminated against her on the basis of her race and retaliated agianst her when it suspended her, demoted her and reduced her hours.  Defendant is liable under either a pretext or a "motivating factor" or mixed motive theory of liability under Title VII and 42 USC § 1981. Plaintiff is entitled to equitable relief including reinstatement, restoration of her hours, backpay, as well as compensatory damages, damages, liquidated

damages, and attorneys fees, costs, and expenses. Plaintiff demands a trial by struck jury on all claims.

## II.   JURISDICTION

2.      This Court has jurisdiction in accordance with 28 U.S.C. 1331, 1343, 2201, 2202, and 29 U.S.C. 2617(a).  Venue is proper pursuant to 28 U.S.C. 1391 and Title VII's Choice of Venue provision, 42 U.S.C. § 2000e-5(f)(3).

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her charge of discrimination on July 19, 2016 within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC which was issued on February 16, 2017.

## III.   PARTIES

4.      Plaintiff Shaconda Patton is African-American and a citizen of the state of Alabama, above the age of majority.

5.      Defendant, PMTD Restaurants, LLC, does business as KFC, Kentucky Fried Chicken, (hereinafter "Defendant," or "KFC") is an "employer" under Title VII, 42 USC §2000e(b), and 42 USC § 1981.

2

**IV.   FACTS**

6.   Plaintiff, who is African American, began working for Defendant as a Cashier or Team Member in 2010, and she was eventually promoted to the position of Shift Manager.

7.   Plaintiff performed her job well throughout her employment with Defendant.

8.   As a Shift Manager, Plaintiff worked between thirty-six (36) and forty (40) hours a week.

9.   Defendant hired a new general manager named Regina Wingard, ("GM Wingard") who is white, in March 2016.

10.   When Plaintiff arrived at work on July 20, 2016, Brandon Wingard, who is GM Wingard's nephew, told Plaintiff he was told by GM Wingard to watch Plaintiff count the cash drawer because money had been missing.

11.   Plaintiff called GM Wingard and asked her why she wanted Brandon to watch her count the cash drawer, and GM Wingard further told Plaintiff that District Manager Chris Capps ("DM Capps")  made the decision for Brandon to watch her count the money, and if she did not like it she could leave.  Plaintiff told Regina that she did not have a problem following procedures, and she would talk with her when she came into work because she needed to get her work done in order to get the store opened on time.

3

12.   When GM Wingard arrived at work, she confronted Plaintiff in a hostile and aggressive manner, raising her voice and pointing her finger in Plaintiff's face.

13.   Plaintiff told GM Wingard that she was being discriminated against because of her African American race and she was going to go to the EEOC.

14.   GM Wingard told Plaintiff to leave the store, and threatened to call the police if Plaintiff did not leave.  GM Wingard then said she was calling DM Capps while Plaintiff was finishing her work.  GM Wingard then told Plaintiff that she and DM Capps decided she needed to go home for the day.

15.   After Plaintiff left, GM Wingard called Plaintiff and told her she was suspended for the next two work shifts.

16.   Next, DM Capps contacted Plaintiff and told her to meet with him and David Barr, one of the owners of Defendant company, on July 25th.

17.   On July 25, 2016, Plaintiff and her mother met with DM Capps and Owner David Barr.

18.   Barr told Plaintiff and Capps to explain what happened on the 20th of July, and they both gave their conflicting version of the events.

19.   After Barr heard both sides of the story, Barr offered Plaintiff cash to seek employment elsewhere.  Plaintiff refused his cash offer, and she said she wanted them to investigate what happened and to allow her to continue working

4

there.

20.    Plaintiff asked when could she return to work, and DM Capps told her he could not give her a specific time, but he would get with GM Wingard.

21.    On July 27, 2016, GM Capps contacted Plaintiff and told her she could return to work that day, which she did.

22.    When Plaintiff returned to work her scheduled hours had been significantly reduced, and those hours were given to a white employee named Deanna Webber.

23.    On August 17, 2016, Plaintiff was unable to clock out as a shift supervisor, and when she asked GM Wingard why, she learned that DM Capps had taken her out of the system as a shift supervisor and made her a team member.  Capps told Plaintiff she was no longer a shift supervisor, and she no longer had to perform shift supervisor duties.

24.    Defendant gave Plaintiff's Shift Supervisor position to a recently hired white female named Christina McCullough.

25.    Although Plaintiff was not insubordinate with management, Plaintiff's white co-workers have gotten into altercations and have been insubordinate with management, but they were not asked to leave the store, suspended, demoted or had their hours reduced as did Plaintiff.

26.     Other African Americans at that store where Plaintiff worked receive far fewer hours than their white co-workers.

27.     Defendant's articulated reasons for suspending plaintiff, demoting her and reducing her hours are false and a pretext for race discrimination.

28.     Even if Defendant had legitimate reasons for suspending plaintiff, demoting her and reducing her hours, her race remained a motivating factor in those decisions under a "mixed motive" framework.

29.     Defendant also suspended Plaintiff, demoted her, and reduced her hours because she had complained of racial discrimination.

## V.     CAUSE OF ACTION

### A.     Wrongful Demotion and Reduction of Hours – Race Discrimination in Violation of Title VII and 42 USC Section 1981

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail herein below.

31.     Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., as amended by 42 U.S.C. §1981a, and 42 USC § 1981.

32.     Defendant discriminated against Plaintiff by taking adverse employment actions against her, including suspending her, demoting her and reducing her hours.

6

33.   Plaintiff may prevail under either a "pretext" or a mixed-motive theory, as even if Defendant had legitimate reasons for suspending her, demoting her, and reducing her hours, her African-American race remained at least a motivating factor in the adverse employment actions Defendant took against her.

34.   Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

35.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

36.   Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**B.      COUNT II — RETALIATION – TITLE VII AND SECTION 1981**

37.   Plaintiff re-alleges and incorporates by reference paragraphs 1- 36 above with the same force and effect as if fully set out in specific detail herein below.

38.   Plaintiff complained to management that she was being discriminated against.

39.   In response to Plaintiff's opposition to discrimination, Defendant retaliated against Plaintiff by suspending her, reducing her hours and demoting her immediately after she complained of racial discrimination.

40.    There is a causal relationship between Plaintiff's opposition to discrimination and the materially adverse employment actions taken against her by Defendant company only immediately after she complained of racial discrimination.

41.    Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

42.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

43.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VI.    RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

8

2.      Grant Plaintiff reinstatement into the position and work hours she would have had at the appropriate pay absent the discriminatory demotion, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3.      Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position and work hours she would have occupied in the absence of race discrimination or retaliation or awarding her front pay, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

 /s/ Jon C. Goldfarb

Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**DEFENDANT'S ADDRESS**
PMTD RESTAURANTS, LLC d/b/a KFC
c/o National Registered Agents Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104