FILED

2021 May-05  PM 12:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHACONDA PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-803-RDP |
| | ) | |
| PMTD RESTAURANTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the court is Plaintiff Shaconda Patton's Motion for Attorney's Fees and Costs. Doc. 102.  The District Court referred Patton's motion to a Magistrate Judge for a report and recommendation. Doc. 124.  Consistent with the District Court's order (Doc. 117), the parties submitted a Joint Report identifying their positions on the fees and costs related to the relevant requests for admission. Doc. 123.  The Magistrate Judge also held an evidentiary hearing on February 11, 2021, at which the parties presented additional arguments and testimony.  As required by the Magistrate Judge, the parties submitted supplemental evidentiary materials after the hearing. Docs. 131 & 132.  Upon consideration of all of the evidence before the court and the applicable law, the Magistrate Judge recommends that the District Court withhold judgment on the motion until it can determine whether Patton's pending appeal is intertwined with the issues raised in the motion.  However, when

the District Court determines that it does have jurisdiction, the Magistrate Judge recommends that it grant Patton's motion to the extent she requests fees in the amount of $23,317.83 and costs in the amount of $1,305.55 for a total award of $24,623.38.

## I. BACKGROUND

Patton brought claims for race discrimination and retaliation against her former employer, Defendant PMTD Restaurants LLC ("PMTD"). Doc. 1.   On September 5, 2017, PMTD served responses to Patton's requests for admission ("the RFAs"):

1. Plaintiff complained in July 2016 that the actions taken against her were racially motivated.

   RESPONSE: **Denied.**

2. Plaintiff complained that Defendant's treatment of her on July 20, 2016 was racially motivated.

   RESPONSE: **Denied.**

3. Within one week after Plaintiff complained that the actions taken against her were racially motivated, Defendant took management duties and responsibilities were taken away from Plaintiff.

   RESPONSE: **Denied.**

4. Within one week after Plaintiff complained that the actions taken against her were racially motivated, Defendant changed her work schedule.

   RESPONSE: **Denied.**

5.     After Plaintiff complained that the actions taken against her were racially motivated, Defendant reduced the number of hours she worked per week.

RESPONSE: **Denied.**

Doc. 117 at 1–2.  At trial, the evidence proved that these RFAs had been wrongfully denied. Doc. 117 at 2.  Consistent with the jury's verdict, the court entered a final judgment for PMTD and against Patton. Doc. 100.

Patton then filed her Motion for Attorney's Fees and Costs pursuant to Federal Rule of Civil Procedure 37(c)(2), in which she sought to recover fees and costs associated with proving the truth of the matters wrongfully denied in the RFAs.  In the motion, Patton argued that she should receive reimbursement for approximately 40% of the total fees and 65% of the total costs incurred in the entire litigation process after PMTD served its RFA responses. Doc. 117 at 4.  The District Court found this request "patently unreasonable" and ordered the parties to submit a joint report

> listing which expenses are *directly* tied to the requests for admission. To be clear, the expenses should be limited to fees and costs incurred in obtaining testimony on the requests for admission, discovery on the requests for admission, and similar expenses.  Plaintiff shall not be permitted to recover fees or costs related to general trial preparation, the use of technology during trial, or discovery (including depositions) on tangentially related issues.

Doc. 117 at 4.

In the parties' Joint Report, Patton itemized her requested fees and costs and reduced most entries by 50% because the RFAs related only to her retaliation claim,

one of the two claims against PMTD. Doc. 123 at 1.  Following this adjustment, Patton now seeks a total of $64,653.35 in fees and costs. Doc. 123 at 1.  PMTD objected to each line item in the Joint Report and argues that any award of fees and costs should not exceed $4,404.80. Doc. 123 at 11.

## II. DISCUSSION

### A.    Jurisdiction

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  But the district court may "entertain[] motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).  For example, the Eleventh Circuit has held that even after a notice of appeal the district court has jurisdiction over a motion for attorney's fees filed under a state statute similar to 42 U.S.C. § 1988. *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982); *see also Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012) ("We note that if a judgment is entered by the district court, it will retain jurisdiction to resolve any attorneys' fees and costs disputes."); *but see Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 n.14 (11th Cir. 2010) (holding that the district court did not have jurisdiction over a Rule 11 motion for sanctions filed after a notice of appeal).

The Eleventh Circuit has not decided whether a district court retains jurisdiction over a Rule 37(c)(2) motion after a party has filed a notice of appeal. Only two circuit courts have resolved this question.  In *G&M, Incorporated v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973), the Ninth Circuit held that the filing of a notice of appeal precludes the district court from exercising jurisdiction over a post-judgment Rule 37(c)(2) motion.  In *Chemical Engineering Corporation v. Essef Industries, Incorporated*, 795 F.2d 1565, 1574–75 (Fed. Cir. 1986), the Federal Circuit interpreted Seventh Circuit caselaw to hold that a district court retains jurisdiction to award costs under Rule 37(c)(2) after a notice of appeal of a judgment but before the filing of an appeal brief.

Patton argues that motions to award attorney's fees are collateral matters over which the district court retains jurisdiction even after the filing of a notice of appeal. Doc. 123 at 1–2 (citing *Zinni*, 692 F.3d at 1168 n.10).  PMTD responds by noting that the record before the court does not reflect whether Patton's appeal relates to the Rule 37 motion because her notice of appeal, which has been filed *pro se*, does not indicate her basis for appealing. Doc. 123 at 31; *see* Doc. 113.  PMTD hypothesizes that Patton's appeal may relate to her counsel's decision to rely on PMTD's responses to the RFAs. Doc. 123 at 31.  In that case, the Rule 37 motion may not be collateral to the appeal, and this court would no longer have jurisdiction over the motion. Doc. 123 at 31.

The court agrees that it can only speculate as to the basis of Patton's appeal before she files her appeal brief.  Therefore, the Magistrate Judge recommends that the District Court withhold its judgment on the pending request for attorney's fees and costs until Patton files that brief, allowing the District Court to determine the relationship between the appeal and the Rule 37 motion, or the Eleventh Circuit otherwise disposes of the appeal.  If the Rule 37 motion is collateral to the issues raised on appeal, the Magistrate Judge recommends a finding that the District Court has jurisdiction over the pending motion.  If the issues on appeal are intertwined with the Rule 37 motion, the Magistrate Judge recommends a finding that the District Court does not have jurisdiction over the instant motion during the pendency of the appeal.

**B.      Specific Fees and Costs**

Assuming the court eventually will have jurisdiction over the Rule 37 petition, the Magistrate Judge makes the following recommendations as to the fees and costs that are properly attributable to PMTD's wrongful denial of the RFAs.

### 1.      *Introduction and Initial Assumptions*

The court calculates reasonable attorney's fees by the lodestar method because "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Counsel

for Patton has provided evidence that the rates of $500 per hour for Jon Goldfarb and $300 per hour for L. William Smith are reasonable. Doc. 102 at 11. At the hearing, counsel for PMTD did not dispute these requested rates. Doc. 136 at 8. Therefore, the Magistrate Judge recommends that the court accept as reasonable the rates of $500 per hour for Goldfarb and $300 per hour for Smith.

While they agreed on the lawyers' hourly rates, the parties contest the number of hours reasonably expended on proving the falsity of PMTD's responses to the RFAs. It is Patton's burden as the movant to demonstrate that her counsel's time relates to relevant tasks. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Even so, many of counsel's time entries aggregate several tasks into large blocks of time. For some of these blocks and for many of the constituent tasks, Patton seeks full reimbursement. But relevance to the RFAs is not an all-or-nothing proposition. Even for a deposition covering certain subjects relating to the RFAs, the entirety of the deposition cannot fairly be attributed to disproving PMTD's RFA responses. For this reason, the court attempted during the evidentiary hearing to parse through these block billing entries in order to drill down on the portions directly attributable to the RFAs. Although the parties were on notice that the court intended to receive additional evidence during the hearing, *see* Doc. 125 at 1, often counsel could not delineate the time devoted to each task due to imprecise timekeeping practices, the passage of time, or other limitations. The upshot of this

information deficit is that the court has been forced to make a series of assumptions and adjustments to arrive at its calculation of the fees and costs due to Patton.

As Patton's counsel has conceded, the RFAs related only to the retaliation claim, one of the two causes of action at trial.  For this reason, Patton's counsel took the position at the hearing that their block entries may be reduced by 50% in the absence of more specific information about the nature of the tasks at issue. Doc. 136 at 41–43.  The Magistrate Judge would go one step further.  The court's jury instructions set out the four elements for the retaliation claim: (1) the plaintiff engaged in protected activity; (2) the defendant took an adverse employment action; (3) the defendant took the adverse employment action because of plaintiff's protected activity; and (4) the plaintiff suffered damages because of the adverse employment action. Doc. 130 at 87.  No party has argued that the RFAs related in any way to Patton's damages.  Therefore, further refinement of counsel's voluntary 50% reduction is in order if the District Court accepts the premise that the elements of the cause of action serve as an appropriate metric for approximating the time actually spent on proving the truth of the RFAs.  Therefore, the Magistrate Judge recommends an additional 25% reduction to all unattributable block entries in order to zero out the fourth element of the retaliation claim.   The recommended assumption, then, is that as a starting point all block entries including tasks both related and unrelated to the RFAs are compensable at 37.5% of the claimed time,

which is equal to 75% of 50% of the total time.  Of course, the court may dispense with the 37.5% adjustment when Patton has carried her burden of showing that the entirety of a time entry, or an identifiable portion of an entry, relates directly to the RFAs.

Relying on these assumptions, the court next must determine which litigation tasks related to Patton's effort to prove the truth of the RFAs such that any portion of the time spent on those tasks is compensable.  The discussion to follow sets out the Magistrate Judge's recommendations as to whether counsel should be allowed to shift any of the fees and costs devoted to developing testimony from certain witnesses, addressing summary judgment matters, drafting the pretrial order, or litigating the pending motion.  Finally, the court applies its assumptions and conclusions to each fee request and summarizes its recommended findings in the data tables below.

### 2.    *Testimony of Bill Byrd, Chris Capps, and David Barr*

The District Court previously found that Byrd's testimony proved the truth of the RFAs: "Bill Byrd, a partial owner of PMTD and who served as PMTD's designated corporate representative, testified at trial that Plaintiff complained of racial discrimination in July 2016 and, therefore, that Defendant should have admitted to the requests for admission quoted above." Doc. 117 at 2; *see also* Doc. 102 at 3.  The District Court further noted that

> Bill Byrd testified that he was unaware of Plaintiff's complaint of racial discrimination until September 2016 because he overlooked an email referring to her complaint. However, that testimony is irrelevant to whether Defendant truthfully answered Plaintiff's requests for admission. After all, the disputed requests for admission refer to Plaintiff's complaint and the events following that complaint—not Defendant's awareness of Plaintiff's complaint and the events related to that awareness.

Doc. 117 at 2 n.1. Therefore, some of Byrd's testimony was directly relevant to proving the truth of the RFAs, and Patton should recover a portion of the fees and costs associated with his testimony.

The District Court also found that Capps' testimony directly related to Patton's effort to prove the falsity of the RFA responses: "And, the jury was presented with evidence showing that Chris Capps, the Director of Operations for PMTD, texted Bill Byrd to inform him that Plaintiff was complaining that she was subject to racial discrimination." Doc. 117 at 2; *see also* Doc. 102 at 6. The evidence at trial included an email (Doc. 102-3) and a text message from Capps to Byrd. Doc. 102-12. Therefore, Patton should recover some of the fees and costs associated with developing Capps' testimony.

Patton asserts that Barr's deposition and cross-examination at trial were essential to proving the timing of her demotion. Doc. 123 at 3, 5, 9 & 10. Her counsel also noted at the evidentiary hearing that Barr was one of the executives who made the decision to demote Patton and that he received the relevant text message and email from Capps. Doc. 136 at 44. On these facts, the court finds that portions of

Barr's deposition and trial testimony were relevant to the RFAs and that PMTD should bear some of the fees and costs associated with his testimony.

### 3.    *Testimony of Patton*

At the hearing, Patton's counsel argued that her testimony was central to proving the truth of the RFAs. Doc. 136 at 62–63.   PMTD counters that Patton admitted in her deposition that she never claimed racial discrimination to anyone but the EEOC. Doc. 123 at 17.   The Magistrate Judge has reviewed Patton's deposition testimony and disagrees with this interpretation.   For example, Patton testified in her deposition that she told Regina Wingard that she was suffering discrimination because of her race. Doc. 30-1 at 118.   Because Patton's actions and her treatment are at the heart of the subject matter of the RFAs, her testimony is directly relevant to proving their truth.   Therefore, Patton should be compensated for fees and costs associated with some portion of her own testimony.

### 4.    *Testimony of Regina Wingard*

The District Court noted Wingard's testimony at trial that Patton did not explicitly mention racial discrimination when complaining to Wingard. Doc. 117 at 3 n.2.  Patton's counsel argued at the hearing that they had to disprove Wingard's testimony to prove the truth of the matters in the RFAs. Doc. 136 at 39–40.  Because Wingard directly contradicted the RFAs, the court finds that a rebuttal of her testimony was necessary to proving the truth of the matters asserted in the RFAs.

Therefore, Patton should recover some of her fees and costs relating to Wingard's testimony.

### 5.    *Testimony of Brandon Warren*

Patton's counsel admitted during the hearing that Patton is not seeking to recover fees relating to Warren's testimony (Doc. 136 at 38), and the court finds no other reason for recommending that she receive compensation for fees and costs relating to this time.

### 6.    *Summary Judgment Briefs and Pretrial Order*

Patton seeks to recover fees associated with her counsel's work on her summary judgment briefs and the court's pretrial order. Doc. 123 at 3–4.  The matters asserted in the RFAs did relate to Patton's retaliation claim at summary judgment and trial.  However, the District Court ordered that Patton's counsel should limit their requested fees and costs to those "incurred in obtaining testimony on the requests for admission, discovery on the requests for admission, and similar expenses" and should not seek "to recover fees or costs related to general trial preparation." Doc. 117 at 4.  This limitation is consistent with the plain language of Rule 37, as discussed below.  Counsel's summary judgment briefs and the pretrial order referenced discovery materials pertaining to the subject matter of the RFAs but did not develop new evidence.  Therefore, the Magistrate Judge does not recommend any shifting of fees related to the preparation of Patton's summary

judgment briefs or the court's pretrial order.

### 7.    *Fees for Rule 37 Litigation*

Patton also seeks to recover fees and expenses related to the Rule 37 motion itself.  "Rule 37(c)(2) mandates that the court award the expenses incurred by the party in proving a denied admission, including attorneys' fees, unless it finds that an enumerated exception applies . . . ." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004).  The court's "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise. . . . We consequently will not deviate from the American Rule absent explicit statutory authority." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015).  Under Rule 37(c)(2), a party who served RFAs "may move that the party who failed to admit [the matters in the RFAs] pay the reasonable expenses, including attorney's fees, incurred in making that proof."  Thus, the plain language of the rule does not allow for the recovery of fees associated with litigating a Rule 37(c)(2) motion when the party already has proven the truth of the matter denied. *See Weaver v. Stringer*, 2019 WL 1495279, at *5 n.10 (S.D. Ala. Apr. 4, 2019) (finding that a party could not recover attorney's fees associated with litigating a Rule 37(a)(5) motion); *but see McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) ("To harmonize Rule 37(c)(2) with other Rule 37 provisions serving

a substantially similar purpose, we interpret the scope of Rule 37(c)(2) to encompass reasonable attorney's fees and costs associated with the preparation and presentation of the fee application.").

The Eleventh Circuit has not decided whether Rule 37(c)(2) permits attorneys to recover fees associated with litigating a Rule 37 motion. However, as discussed above, the American Rule requires litigants to shoulder the burden of their own attorney's fees unless a statute or contract expressly provides otherwise. Consistent with the American Rule and the plain language of Rule 37, the court finds that Rule 37(c)(2) permits the recovery of attorney's fees incurred only in proving the truth of matters wrongfully denied, not in litigating a downstream Rule 37 motion. Therefore, the Magistrate Judge recommends the denial of Patton's request to recover any fees associated with litigating the Rule 37 motion.

## C.    Tables

The tables beginning on the next page have been adapted from the parties' tables set out in the Joint Status Report (Doc. 123 at 3–29), and they summarize the Magistrate Judge's recommendations as to the fees and expenses reasonably related to Patton's efforts to prove the truth of the assertions in the RFAs.

| FEES | | | | | | |
|------|--|--|--|--|--|--|
| Date | Claimed Hours | Patton's Description of Services Rendered[1] | Compens-able Hours | Hourly Rate | Adjusted Fee | Court's Explanation |
| 9/5/17 | 0.70 | Review requests for admission responses, email defense counsel, review protective order | 0.40 | $500 (Goldfarb) | 200.00 | Patton's counsel testified to spending 0.40 hours reviewing RFA responses. Doc. 136 at 33–34. The other tasks are not compensable. |
| 10/5/17 | 3.00 | Go through file and respond to discovery | 1.00 | $500 (Goldfarb) | 500.00 | Patton's counsel testified to spending 1.00 hour responding to Interrogatory No. 18. Docs. 123 at 3 & 136 at 34.  The other tasks are not compensable. |
| 6/27/18 | 11.30 | Prepare for and defend deposition of Plaintiff and mother and prepare for tomorrow's depositions | 0.80 | $500 (Goldfarb) | 400.00 | Patton's deposition is compensable, and counsel testified to spending 0.80 hours of her deposition on matters related to the RFAs. Doc. 136 at 36. |

---

[1] The court has adopted the descriptions from Patton's counsel without correcting typographical errors.

| 6/28/18 | 8.40 | Prepare for and take the depositions of Billy Byrd, Regina Wingard, Brandon Warren, Chris Capps | 8.20 x 37.5% = 3.075 | $500 (Goldfarb) | 1537.50 | Testimony of Byrd, Capps, and Wingard is compensable. Warren's testimony is not. Counsel testified to spending little time on Warren, and thus only 0.20 hours account for his testimony. Doc. 136 at 45–50. 37.5% adjustment for block billing. |
|---|---|---|---|---|---|---|
| 7/17/18 | 8.40 | Prepare for and take deposition of David Barr | 8.40 x 37.5% = 3.15 | $500 (Goldfarb) | 1575.00 | Barr's testimony is compensable. 37.5% adjustment for block billing. |
| 8/24/18 | 4.80 | Working on SJ response | 0 | $300 (Smith) | 0 | Summary judgment is not compensable. |
| 8/27/18 | 9.00 | Working on SJ brief. | 0 | $300 (Smith) | 0 | Summary judgment is not compensable. |
| 8/28/18 | 2.30 | Go through brief and exhibits and edit brief | 0 | $500 (Goldfarb) | 0 | Summary judgment is not compensable. |
| 8/31/18 | 3.00 | Revising and finalizing SJ brief. | 0 | $300 (Smith) | 0 | Summary judgment is not compensable. |
| 8/13/20 | 0.40 | Start draft of pretrial. | 0 | $125 (Paralegal) | 0 | Pretrial order is not compensable. |
| 8/17/20 | 2.30 | Working on draft pretrial order. | 0 | $300 (Smith) | 0 | Pretrial order is not compensable. |
| 8/18/20 | 1.30 | Continuing to work on draft pretrial. | 0 | $300 (Smith) | 0 | Pretrial order is not compensable. |
| 8/25/20 | 0.90 | Working on proposed pretrial order. | 0 | $300 (Smith) | 0 | Pretrial order is not compensable. |

| 10/19/20 | 6.30 | Conference with Court, prepare for trial by working on cross examination of Bill Byrd and review documents for filing today | 1.50 x 37.5% = 0.5625 | $500 (Goldfarb) | 281.25 | Patton's counsel testified to spending 1.50 hours on Byrd's cross. Doc. 136 at 55–56. His cross is compensable. 37.5% adjustment for block billing. |
|---|---|---|---|---|---|---|
| 10/20/20 | 7.90 | prepare for trial by working on cross examinations and review filings for trial | 7.90 x 50% x 37.5% = 1.4813 | $500 (Goldfarb) | 740.63 | Patton's counsel testified to preparing for the cross exams of Byrd and Capps but could not allocate the time between cross exams and reviewing court filings. Doc. 136 at 61. Therefore, assume 50% of this time related to cross exams. 37.5% adjustment for block billing. |
| 10/21/20 | 8.30 | Prepare for trial by working on cross of Capps and going through doucments and motions in limine | 4.15 x 37.5% = 1.55625 | $500 (Goldfarb) | 778.13 | Patton's counsel testified to spending 4.15 hours on Capps cross exam. Doc. 136 at 62.  Capps' testimony is compensable. 37.5% adjustment for block billing. |
| 10/21/20 | 8.30 | Drafting direct examination of Plaintff | 8.30 x 37.5% = 3.1125 | $300 (Smith) | 933.75 | Patton's testimony is compensable. 37.5% adjustment for block billing. |

| 10/22/20 | 7.90 | Prepare for trial by working on crosses of Capps and Barr and motions in lime talk to Will about | 3.00 x 37.5% = 1.125 | $500 (Goldfarb) | 562.50 | Patton's counsel testified to spending 3.00 hours on Capps and Barr cross exams. Doc. 136 at 64. Their cross exams are compensable. 37.5% adjustment for block billing. |
|---|---|---|---|---|---|---|
| 10/22/20 | 6.70 | Working on Plaintiff's direct exam | 6.70 x 37.5% = 2.5125 | $300 (Smith) | 753.75 | Patton's testimony is compensable. 37.5% adjustment for block billing. |
| 10/23/20 | 8.40 | Continue trial prep, review defendants MIL, work on cross -- mostly focus on Barr | 4.20 x 37.5% = 1.575 | $500 (Goldfarb) | 787.50 | Patton's counsel testified to spending 4.20 hours on Barr's testimony. Doc. 136 at 65. His testimony is compensable. 37.5% adjustment for block billing. |
| 10/23/20 | 3.70 | Continuing to work on Plaintiffs direct examination | 3.70 x 37.5% = 1.3875 | $300 (Smith) | 416.25 | Patton's testimony is compensable. 37.5% adjustment for block billing. |
| 10/26/20 | 8.40 | Work on cross examinations Wingard, Capps and Barr | 8.40 x 37.5% = 3.15 | $500 (Goldfarb) | 1575.00 | The testimony of Capps, Barr, and Wingard is compensable. 37.5% adjustment for block billing. |

| 10/27/20 | 8.40 | go through exhibits and work on cross examinations focusing on Regina and Brandon and conference with Court on MIL and review the same | 3.00 x 37.5% = 1.125 | $500 (Goldfarb) | 562.50 | Patton's counsel testified to spending 3.00 hours on Wingard's cross exam. Doc. 136 at 70. Her testimony is compensable. 37.5% adjustment for block billing. |
| --- | --- | --- | --- | --- | --- | --- |
| 10/28/20 | 7.20 | continue preparing for trial finish cross of Brandon Warren, go by and work on Bill Byrd cross and work through Defendant's exhibits to prepare for trial | 3.00 x 37.5% = 1.125 | $500 (Goldfarb) | 562.50 | Patton's counsel testified to spending 3.00 hours on Byrd's cross exam. Doc. 136 at 71. His testimony is compensable. 37.5% adjustment for block billing. |
| 10/29/20 | 6.30 | Prepare for trial by working on cross examinations | 6.30 x 75% x 37.5% = 1.7718 | $500 (Goldfarb) | 885.94 | Patton's counsel testified to working on the cross exams of Byrd, Capps, Wingard, and Warren. Doc. 136 at 71. Only Byrd, Capps, and Wingard are compensable, so 37.5% adjustment to 75% of the total time. |
| 11/2/20 | 8.90 | Prepare for trial by working on cross examinations of Byrd, Warren, Capps | 4.00 x 37.5% = 1.50 | $500 (Goldfarb) | 750.00 | Patton's counsel testified to spending 4.00 hours on the cross exams of Byrd and Capps. Doc. 136 at 72.  37.5% adjustment for block billing. |

| 11/3/20 | 9.80 | continue preparing for trial by working on all cross examinations, going through exhibits, review Court's order on MIL | 4.00 x 50% x 37.5% = 0.75 | $500 (Goldfarb) | 375.00 | Patton's counsel testified to spending 4.00 hours on cross exams but could not identify the witnesses. Doc. 136 at 72–73. Therefore, assume 50% of this time related to compensable witnesses. 37.5% adjustment for block billing. |
| --- | --- | --- | --- | --- | --- | --- |
| 11/3/20 | 8.00 | Trial preparation: working on Plaintiffs direct exam, opening statement | 2.00 x 37.5% = 0.75 | $300 (Smith) | 225.00 | Patton's counsel testified to spending 2.00 hours on Patton's direct exam. Doc. 136 at 73. Her testimony is compensable. 37.5% adjustment for block billing. |
| 11/4/20 | 10.90 | prepare for trial by workin on cross examinations, office conference with plaintiff for trial prep, and go through exhibits for trial. | 5.00 x 50% x 37.5% = 0.9375 | $500 (Goldfarb) | 468.75 | Patton's counsel testified to spending 5.00 hours on cross exams but could not identify the witnesses. Doc. 136 at 74. Therefore, assume 50% of this time related to compensable witnesses. 37.5% adjustment for block billing. |

| 11/4/20 | 11.20 | This entry is for Wednesday. Continuing to prepare for trial. Reviewing court's order on motion in limine and discussing with Jon. Continuing throughout day to work on Plaintiffs direct exam and opening statement (working on both documents at once). Meeting with client from 3:30-7:15 PM to discuss court's rulings, discuss plans for trial, and prepare for her testimony. | 5.75 x 37.5% = 2.1563 | $300 (Smith) | 646.88 | Patton's counsel testified to spending 5.75 hours on Patton's direct exam. Doc. 136 at 74. Patton's testimony is compensable. 37.5% adjustment for block billing. |
| 11/5/20 | 8.80 | Prepare for trial by working on all cross examinations | 8.80 x 50% x 37.5% = 1.65 | $500 (Goldfarb) | 825.00 | Patton's counsel could not identify the witnesses. Doc. 123 at 7. Therefore, assume 50% of this time related to compensable witnesses. 37.5% adjustment for block billing. |

| 11/5/20 | 10.20 | Continuing to work on opening and direct of plaintiff, preparing for meeting with witness, leaving at 5 to drive to Moody to meet with witness and meeting with witness there until 6:15 or so. | 2.00 x 37.5% = 0.75 | $300 (Smith) | 225.00 | Patton's counsel testified to spending 2.00 hours on her direct exam. Doc. 136 at 75. Patton's testimony is compensable. 37.5% adjustment for block billing. |
|---|---|---|---|---|---|---|
| 11/6/20 | 9.90 | continue trial prep working on cross examinations of witnesses and work on trying to get Brandon Warren served | 4.00 x 50% x 37.5% = 0.75 | $500 (Goldfarb) | 375.00 | Patton's counsel testified to spending 4.00 hours on cross exams but did not identify the witnesses. Doc. 123 at 7. Therefore, assume 50% of this time related to compensable witnesses. 37.5% adjustment for block billing. |
| 11/6/20 | 9.50 | Preparing for trial. Continuing to draft opening and revising and reworking plaintiff's direct examination. Meeting with plaintiff again in the afternoon to go over it. | 4.50 x 37.5% = 1.6875 | $300 (Smith) | 506.25 | Patton's counsel's notes reflect that he spent 4.50 hours on her direct exam. Doc. 123 at 7. Patton's testimony is compensable. 37.5% adjustment for block billing. |

| 11/7/20 | 10.70 | Work on cross examinations of Capps and Wingard | 10.70 x 37.5% = 4.0125 | $500 (Goldfarb) | 2,006.25 | The testimony of Capps and Wingard is compensable. 37.5% adjustment for block billing. |
| 11/8/20 | 12.50 | Prepare for trial, work on cross, review defendant's motion and our response, go through exhibits and prepare everything for trial | 3.00 x 50% x. 37.5% = 0.5625 | $500 (Goldfarb) | 281.25 | Patton's counsel's notes indicate he spent 3.00 hours on compensable witnesses but did not specify which witnesses. Doc. 123 at 8. Therefore, the Magistrate Judge will assume only 50% of that time was spent on compensable witnesses. 37.5% adjustment for block billing. |
| 11/8/20 | 8.30 | Continuing to revise and practice opening; revising plaintiff direct exam; meeting with plaintiff to go over direct exam and discuss last minute discovery issues; and 1.8 hours drafting response to defendant's motion to withdraw from stipulation | 3.00 x 37.5% = 1.125 | $300 (Smith) | 337.50 | Patton's counsel's notes indicate that he spent 3.00 hours on her direct exam. Doc. 123 at 8. Patton's testimony is compensable. 37.5% adjustment for block billing. |

| 11/9/20 | 15.00 | 1st day of trial. Prepare for and conduct cross of Bill Byrd and prepare for next day | 6.00 x 37.5% = 2.25 | $500 (Goldfarb) | 1125.00 | Patton's counsel's notes indicate he spent 6.00 hours on Byrd's cross exam. Doc. 123 at 8. His testimony is compensable. 37.5% adjustment for block billing. |
| 11/9/20 | 11.80 | At work by 6:30 to practice opening and prep for early argument with Court regarding Defendant's motion to withdraw stipulation; then voir dire and jury selection, opening statements, Jon's cross of first witness; back from Court by 5:30, then working on Plaintiffs direct to address issues raised in defendant's opening statement and first witness. | 2.00 x 37.5% = 0.75 | $300 (Smith) | 225.00 | Patton's counsel's notes indicate he spent 2.00 hours on her direct exam. Doc. 123 at 8. Her testimony is compensable. 37.5% adjustment for block billing. |
| 11/10/20 | 15.40 | Prepare for trial. attend trial and cross examine witnesses Byrd. Barr, Capps and Wingard and prepare for next day | 7.70 x 37.5% = 2.8875 | $500 (Goldfarb) | 1443.75 | Patton's counsel's notes indicate he spent 7.70 hours on the cross exams of Byrd, Barr, Capps, and Wingard. Doc. 123 at 9. Their testimony is compensable. 37.5% adjustment for block billing. |

| 11/10/20 | 14.50 | Preparing for trial in morning, then trial. Continuing to work on Plaintiffs direct exam and direct exam of Demelrice Jones as evidence comes in, taking detailed notes of examinations for Jon to rely on later when he drafts his closing. | 1.00 x 37.5% = 0.375 | $300 (Smith) | 112.50 | Patton's counsel's notes indicate he spent 1.00 hour on her direct exam. Doc. 123 at 9. Her testimony is compensable. 37.5% adjustment for block billing. |
| --- | --- | --- | --- | --- | --- | --- |
| 11/11/20 | 14.00 | Preparing for trial, trial, continuing to work in evening | 3.00 x 37.5% = 1.125 | $300 (Smith) | 337.50 | Patton's counsel's notes indicate he spent 3.00 hours on her direct exam. Doc. 123 at 9. Her testimony is compensable. 37.5% adjustment for block billing. |
| 11/13/20 | 3.10 | Back in office working on fed r. civ. p. 37(c)(2) fee motion after verdict. | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |
| 11/23/20 | 1.90 | Continuing to work on Fed. R. Civ. P. 37(c)(2) motion. | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |
| 12/11/20 | 4.00 | Working on reply on Fed. R. Civ. P. 37(c)(2) motion | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |
| 1/6/21 | 2.70 | Working on Joint Status Report re Fed. R. Civ. P. 37(c)(2) motion | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |

| 2/10/21 | 2.90 | Go through everything to prepare for hearing tomorrow including reading all submissions on this issue then go through emails and deposition testimony and trial exhibits showing all the time devoted areas covered by the RFAs and read case law cited in briefs and look at addition caselaw on Rule 37 fee awards. | 0 | $500 (Goldfarb) | 0 | Rule 37 motion is not compensable. |
|---------|------|---|---|---|---|---|
| 2/10/21 | 4.10 | Preparing for tomorrow's hearing with Judge Borden by going through all filings in case, re-reading depositions and trial examination outlines to gauge content relevant to issues surrounding RFAs, and making notes for points to address. | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |

| 2/11/21 | 4.50 | Prepare for hearing by continuing to read through materials submitted for hearing and another review of case law. Arrived early and start working on preparing for hearing. Then attend hearing | 0 | $500 (Goldfarb) | 0 | Rule 37 motion is not compensable. |
|---------|------|-------------|---|---|---|---|
| 2/11/21 | 5.00 | Preparing for today's hearing beginning at 8 AM by making outline of oral presentation and documents to reference and going through remaining depositions, then participating in hearing beginning at 11:00 AM, discussing with Jon after conclusion of hearing. | 0 | $300 (Smith) | 0 | Rule 37 motion is not compensable. |
| **TOTAL FEES:** | | | | | **23317.83** | |

| COSTS | | | | | |
|---|---|---|---|---|---|
| **Date** | **Claimed Cost** | **Patton's Description of Disbursements** | **Compensable Amount** | **Adjusted Cost** | **Court's Explanation** |
| 7/9/18 | 1692.90 | Depo; Bill Byrd, Regina Wingard, Chris Capps. | 1692.90 x 37.5% | 634.84 | The depositions of Byrd, Capps, and Wingard are all compensable. 37.5% adjustment for cost allocation. |
| 7/12/18 | 1,163.35 | Depo; Shaconda Patton | 1163.35 x 37.5% | 436.26 | Patton's deposition is compensable. 37.5% adjustment for cost allocation. |
| 8/2/18 | 409.20 | Depo; David Barr | 409.20 x 37.5% | 153.45 | Barr's deposition is compensable. 37.5% adjustment for cost allocation. |
| 10/19/20 | 86.00 | PAYEE: Regina Wingard; REQUEST#: 400; DATE: *10/19/2020.* - Witness Fee | 86.00 x 37.5% | 32.25 | Wingard's deposition is compensable. 37.5% adjustment for cost allocation. |
| 10/26/20 | 130.00 | VENDOR: Joey D. Investigations; INVOICE#: JRD-2020000904; DATE: *10/26/2020* - Process Service; Regina Wingard | 130.00 x 37.5% | 48.75 | Wingard's deposition is compensable. 37.5% adjustment for cost allocation. |
| **TOTAL COSTS:** | | | | **1305.55** | |

## V.  CONCLUSION

Without additional information on the basis of Patton's appeal, the Magistrate Judge cannot conclude that this court has jurisdiction over the pending Rule 37 motion at this time.  In the event the court finds that it has jurisdiction, either now or

in the future, it is the RECOMMENDATION of the Magistrate Judge that the court GRANT in part the Motion for Attorney's Fees and Costs (Doc. 102), and award fees in the amount of $23,317.83 and costs in the amount of $1,305.55 for a total award of $24,623.38.

DONE and ORDERED on May 5, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE