# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHACONDA PATTON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:17-cv-00803-RDP |
| } | |
| **PMTD RESTAURANTS LLC,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Shaconda Patton's Motion for Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 37(c)(2). (Doc. # 102). Plaintiff's motion raised two issues: whether Rule 37 authorizes a fee award, and, if so, what amount is appropriate. On December 22, 2020, the court entered an order finding that Plaintiff was entitled to fees, but the amount Plaintiff requested was unreasonable. (Doc. # 117). The court then referred the matter to a randomly selected Magistrate Judge to assess Plaintiff's request for fees and costs. (Doc. # 124). On May 5, 2021, Magistrate Judge Gray M. Borden entered a Report and Recommendation advising the court to award Plaintiff $23,317.83 in fees and $1,305.55 in costs, totalling $24,623.38. (Doc. # 137). The court commends Judge Borden on his comprehensive review of the record and thorough analysis in this matter. After careful consideration of the record in this case and Judge Borden's Report and Recommendation, the court hereby **ADOPTS** the report and **ACCEPTS** his recommendations.

Although the court already rejected Defendant's arguments against awarding fees, Defendant re-raised them in its Opposition to the Report and Recommendation. (Doc. # 143).

Because the Report and Recommendation (Doc. # 137) was focused on calculating the fee amount, not explaining why fees were warranted, the court will briefly readdress that latter issue.

Rule 37(c)(2) provides a sanction for enforcing Rule 36 requests for admission. "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true," then the requesting party may move for attorney's fees and costs. Fed. R. Civ. P. 37(c)(2). The court must award fees unless an exception applies. *Id.* The rule "is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." *Id.*, advisory committee's note to 1970 amendment.

Plaintiff is entitled to fees under Rule 37 because Defendant denied five requests for admission that Plaintiff later proved to be indisputably true. On September 5, 2017, Defendant served the following responses to Plaintiff's requests for admission:

> 1. Plaintiff complained in July 2016 that the actions taken against her were racially motivated.
> **RESPONSE**: Denied.
>
> 2. Plaintiff complained that Defendant's treatment of her on July 20, 2016 was racially motivated.
> **RESPONSE**: Denied.
>
> 3. Within one week after Plaintiff complained that the actions taken against her were racially motivated, Defendant took management duties and responsibilities were taken [*sic*] away from Plaintiff.
> **RESPONSE:** Denied.
>
> 4. Within one week after Plaintiff complained that the actions taken against her were racially motivated, Defendant changed her work schedule.
> **RESPONSE:** Denied.
>
> 5. After Plaintiff complained that the actions taken against her were racially motivated, Defendant reduced the number of hours she worked per week.
> **RESPONSE:** Denied.

(Doc. # 102-1 at 3-4). But at trial, Plaintiff showed that these statements were correct. PMTD's designated corporate representative and partial owner, Bill Byrd, candidly testified at trial that Defendant should have admitted all the above requests for admission because Plaintiff did complain of racial discrimination in July 2016. (Doc. # 102-2). Additionally, Plaintiff entered into evidence a text message sent from Chris Capps, PMTD Director of Operations, to Byrd on July 20, 2016, stating "Shaconda was sent home today for her behavior towards Gina. She is claiming it is racial biased [*sic*]." (Doc. # 102-12 at 3). Plaintiff also entered into evidence an email from Capps to Byrd on July 20, 2016, stating that Plaintiff was involved in an incident at work, and "[i]t is her opinion that actions taken are racially motivated in nature." (Doc. # 102-3 at 2).

Despite this evidence, Defendant claims it was reasonable to deny the requests for admission. It notes that Rule 37(c)(2) does not require payment of fees when "the party failing to admit had a reasonable ground to believe that it might prevail on the matter" or "there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2)(C)-(D). Defendant argues its denials were reasonable because "Plaintiff never complained directly to Defendant, in the person of Chris Capps, Bill Byrd, or David Barr, of race discrimination until it received her EEOC Charge, and thus that it did not know that such a complaint had occurred." (Doc. # 108 at 5). Essentially, Defendant attempts to justify its denials by reading the phrase "Plaintiff complained" to mean "Plaintiff complained directly to PMTD upper management." *See id.* The court is not persuaded.

It was simply not reasonable for Defendant to deny these straightforward requests for admission. According to Rule 36, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Rather than complying with Rule 36, Defendant flatly denied the requests for admission, and as a result,

3

Plaintiff was required to incur fees and expenses proving them. Judge Borden has correctly calculated those amounts, for which Rule 37 requires Defendant to reimburse Plaintiff.

Thus, the court finds that Plaintiff's Motion for Attorney's Fees and Costs (Doc. # 102) is due to be granted in part. A separate order will be entered.

**DONE** and **ORDERED** this September 6, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE